IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GLADYS L. LARBI, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10 cv 04623 |
| ADVOCATE CHRIST MEDICAL CENTER | ) Honorable Matthew F. Kennelly |
| Defendant. | ) |

FILED 3/13/2012 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, GLADYS LARBI ("Plaintiff"), by and through her attorneys, brings her Second Amended Complaint against Defendant, ADVOCATE CHRIST MEDICAL CENTER ("Defendant"), and states as follows:

## SUMMARY OF THE CASE

1. Plaintiff brings this action based on Defendant's termination of her employment because of her age, color, national origin and race and for Defendant's failure to pay her overtime for all time worked in excess of 40 hours per week. Plaintiff seeks compensatory damages, back pay, front pay, retaliation, unpaid overtime compensation, liquidated damages, punitive damages, attorneys' fees and costs and other equitable and ancillary relief pursuant to the Age Discrimination Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and the Illinois Minimum Wage Act 820 ILCS §§105 *et seq.* (hereinafter "IMWA").

2. Plaintiff was employed by Defendant as a phlebotomist in the State of Illinois from 1995 to May 19, 2009 when she was terminated because of her age (62), color



EXHIBIT A

(black), nation origin (Ghanian) and race (African American). Leading up to her termination, plaintiff was subjected to different terms and conditions of employment, including but not limited to increased work scrutiny, whereas other non-minority similarly-situated employees were not subjected to such scrutiny.

3. During her employment, Plaintiff was paid an hourly rate for all the time she worked. The Plaintiff was not exempt from the FLSA or IMWA because she did not meet the tests for exemption under federal or state law. Plaintiff regularly worked more than 40 hours per week without overtime compensation. Specifically, Defendant had a practice of deducting 30 minutes of time from Plaintiff's pay for meal breaks regardless of whether Plaintiff took such breaks. Plaintiff regularly was unable to take a full uninterrupted meal break and often times worked through her meal breaks. This practice of failing to pay Plaintiff for actual hours worked and overtime compensation violates provisions of the FLSA and IMWA. As a result of Defendant's unlawful practice, Plaintiff suffered a loss of wages.

4. Additionally, in an attempt to vindicate her rights to equal treatment as an employee, Plaintiff addressed Defendant's management and complained that she was being treated differently because of her race and national origin. Soon after voicing her concerns, Defendant deviated from its standard protocols and practices, and fabricated information to document Plaintiff's alleged performance deficiencies. Defendant then terminated the Plaintiff in direct retaliation for her complaints of unfair treatment.

## PARTIES, VENUE AND JURISDICTION

5. At all relevant times, Plaintiff, Gladys Larbi, has resided in Oak Lawn, Illinois.

6. Defendant, Advocate Christ Medical Center is a hospital doing business in the State of Illinois, including this District.

7. This Court has jurisdiction over this matter pursuant to the ADEA, Title VII, as amended (42 U.S.C. § 2000e, *et seq.*), 28 U.S.C. §1331 and 42 U.S.C. § 2000e-5(f).

8. Venue is proper in this District pursuant to 28 U.S.C. §1391 and 42 U.S.C. § 2000e-5(f) because Defendant has hospitals in this district and the unlawful employment practices occurred in this district.

## COUNT I
### Age Discrimination

9. Plaintiff repeats and re-alleges the above paragraphs.

10. Defendant discriminated against Plaintiff based upon her age by treating her differently than younger, similarly-situated employees and by terminating her employment on May 19, 2009.

11. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate age discrimination from the workplace and to prevent it from occurring in the future.

12. As a direct and proximate result of Defendant's discrimination against Plaintiff, she has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

13. The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages.

14. Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

## COUNT II
### Title VII Discrimination

15. Plaintiff repeats and re-alleges the above paragraphs.

16. Defendant discriminated against Plaintiff based upon her color, national origin and race by treating her differently than similarly situated employees who were not black, non-Ghanian and not African American and by terminating her employment on May 19, 2009.

17. Defendant failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate discrimination on the basis of color, nation origin and race from the workplace and to prevent it from occurring in the future. *See* 42 U.S.C. § 2000(e).

18. As a direct and proximate result of Defendant's discrimination against Plaintiff, she has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

19. The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

20. Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

## COUNT III

### Unpaid Wages/Overtime Under the FLSA

21. Plaintiff repeats and re-alleges the above paragraphs as if fully stated herein.

22. Defendant is an "employer" and Plaintiff is an "employee" under the FLSA.

23. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per week. The FLSA provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages, costs, attorney's fees and other appropriate relief.

24. Defendant violated the FLSA by regularly and repeatedly failing to properly compensate Plaintiff for the time she worked through meal breaks and overtime she worked each week.

25. Defendant also willfully failed to pay for time worked through meal breaks and overtime pay and other benefits to Plaintiff.

26. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and other damages.

### COUNT IV
### Unpaid Wages/Overtime Under the IMWA

27. Plaintiff repeats and re-alleges the above paragraphs.

28. Defendant is an "employer" and Plaintiff is an "employee" under Illinois statute 820 ILCS §§105 *et seq.*

29. Illinois Statutes 820 ILCS §§105 *et seq.* (the "Act") requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 provides that employers who violate the provisions

of the Act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

30. Defendant violated Illinois Statutes 820 ILCS §§105 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiff for the time she worked through meal breaks and overtime she worked each week.

31. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and other damages.

### COUNT V
### Retaliation

32. Plaintiff repeats and re-alleges the above paragraphs.

33. The Defendant knowingly, intentionally and willfully retaliated against Plaintiff for voicing her concerns regarding equal treatment as an employee. Specifically, Defendant deviated from its standard corrective action and termination protocols and procedures, fabricated spreadsheets and memorandums to document Plaintiff's alleged performance deficiencies, and ultimately fired her for expressing her complaints of discrimination.

34. Defendant's violation of Plaintiff's rights caused her to suffer financial loss and other compensatory damages including, but not limited to, lost wages, injury to her career and professional reputation and emotional pain, distress, embarrassment, humiliation, mental anguish and loss of enjoyment of life.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, GLADYS LARBI, by and through her attorneys demand judgment against the Defendant for a sum that will properly, adequately and

completely compensate Plaintiff for the nature, extent and duration of her damages, the costs of this action and as follows:

    a. Declare and find that the Defendant committed one or more of the following acts:

        i. Violated the ADEA by discriminating against the Plaintiff because of her age;

        ii. Violated Title VII by discriminating against the Plaintiff because of her color, national origin and race.

        iii. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff;

        iv. Willfully violated overtime provisions of the FLSA;

        v. Violated overtime provisions of the IMWA by failing to pay overtime wages to Plaintiff;

        vi. Retaliated against and wrongfully discharged Plaintiff for exercising her rights;

    b. Award back pay and front pay;

    c. Award liquidated damages;

    d. Award punitive damages;

    e. Award lost wages and compensatory damages, including all overtime pay owed, in an amount according to proof;

    f. Award pre-judgment interest;

    g. All costs and attorney's fees incurred prosecuting this claim;

    h. Leave to amend to add claims under applicable state and federal laws;

    i. Leave to add additional parties by motion or any other method approved by the Court; and,

    j. For such further relief as the Court deems just and equitable.

Plaintiff requests a trial by jury.

Dated: March 7, 2012                    Respectfully Submitted,


    /s/ *Andrew C. Ficzko*
Attorneys for the Plaintiffs

STEPHEN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f